IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>DOUGLAS L. WATSON (01),<br><br>        Defendant. | Case No. 13-10087-01-DDC |

## MEMORANDUM AND ORDER

Defendant Douglas Watson pleaded guilty in May 2014 to four charges of violating 18 U.S.C. § 1956—a provision criminalizing the act of laundering monetary instruments. Doc. 29. Our court sentenced him to 30 months in prison, followed by two years of supervised release. Doc. 43 at 2–3. The Judgment also ordered Mr. Watson to make restitution of $306,500, payable to a designated victim. *Id.* at 5.

The United States asserts that he still owes $189,614.88 in restitution, as calculated on October 16, 2024. Doc. 143 at 1. Trying to collect that unpaid balance, the United States issued a Writ of Garnishment to Meritrust Credit Union. It's a financial institution believed to have custody of funds or other property belonging to Mr. Watson. *Id.* Meritrust responded, asserting that it possesses about $5,000 in four accounts owned solely by Mr. Watson. Doc. 144 at 2. Meritrust also reported that it has issued a "share certificate" to Mr. Watson in the amount of $78,038.20. *Id.* Apparently, a share certificate is a financial instrument like a certificate of deposit issued by a bank.

Mr. Watson responded to Meritrust's filing with one of his own. Specifically, he filed an Exemption Claim and Hearing Request. Doc. 146. This filing claims that "this money was from a personal injury settlement that occurred in January 2018, which caused my disability." *Id.* at 2.

Presumably, "this money" refers to all funds and instruments held by Meritrust. He also asserts, "the amount was set back to pay for future care and surgeries that may arise as a result of the injury." *Id.* In context, "the amount" here appears to refer to the value of the share certificate. Finally, Mr. Watson's filing requests a hearing on "the above issue(s)." *Id.*

The United States responded to Mr. Watson's Exemption Claim. Doc. 147 ("Objection of the United States to Exemption Claim and Hearing Request filed by Mr. Watson"). The government's Objection makes two arguments. *One*, Mr. Watson hasn't asserted a probably valid claim of exemption. *Two*, Mr. Watson thus doesn't deserve a hearing on his exemption claim.

The court agrees with the government on its first assertion. Mr. Watson's filing doesn't appear to establish the "probable validity" of his claim for exemption. Doc. 147 at 5. But on the second issue—should the court convene a hearing on Mr. Watson's claim for exemption—the court saw it differently. The court thus convened a hearing to take up Mr. Watson's claim on January 28, 2025.[1]

During the January 28 hearing, Mr. Watson again asserted that the contested share certificate consists of funds derived from a personal injury settlement in 2018. He also reasserted that the funds were set aside to pay for future care and surgeries arising from his injury. Again, Mr. Watson's argument at the hearing seemed to limit his argument to the $78,038.20 represented by Meritrust's share certificate. He didn't articulate a different argument targeting the four Meritrust accounts holding about $5,000 total. The government responded to

---

[1] Several courts, including ours, have concluded that not every exemption claim requires a hearing to resolve. *See United States v. Morris*, No. 08-40075-01-JAR, 2021 WL 5953765, at *2 (D. Kan. Dec. 16, 2021) (discussing 28 U.S.C. § 3202(d)) (quoting *United States v. Greene*, No. 15-CR-133-1, 2016 WL 3526054, at *4 (M.D.N.C. June 3, 2016)). But here, the Exemption Claim form used by our court asks whether the recipient of the enforcement process "request[s] a hearing." *See* Doc. 146 at 2. And Mr. Watson indicated that he did. So the court, exercising its discretion, elected to convene a hearing. The court declines to decide whether Mr. Watson's claim entitled him to a hearing.

the Exemption claimed by defendant, reasserting the gist of the arguments in its written Objection (Doc. 147). At the end of the hearing, the court advised that it planned to decide the issue by a written order. This Memorandum and Order provides that decision.

In short form, the court concludes that none of the property held by Meritrust is exempt. The following analysis explains why.

## Analysis

Are Mr. Watson's assets held by Meritrust exempt from garnishment? Section 3613 of Title 18 provides the answer. Summarizing at a high level, this provision authorizes the United States to enforce a fine and identifies the means it may use to do so. *See* 18 U.S.C. § 3613(a). Another part of this statute provides the government with authority to use all means of enforcement specified in § 3613 to enforce "an order of restitution"—the obligation Mr. Watson owes here. § 3613(f).

More pertinent to the current dispute, however, is a third aspect of § 3613. It provides that the government may enforce payment "against all property or rights to property" belonging to Mr. Watson. § 3613(a). There are exceptions, however, and § 3613(a) identifies them. These exemptions consist of ten categories of property that "the government cannot seize to satisfy the payment of federal income taxes[.]" *United States v. Stegman*, No. 14-CR-20109-JAR, 2018 U.S. Dist. LEXIS 213444, at *4 (D. Kan. Dec. 19, 2018). Those ten types of property are described in subsections (a)(1) – (8) of 26 U.S.C. § 6334(a) (all part of the Internal Revenue Code of 1986) as well as subsections (a)(10) and (a)(12) of this same statute. Our court has recognized that "[t]his list of exemptions is exhaustive, and is to be strictly construed." *Stegman*, 2018 U.S. Dist. LEXIS 213444, at *4 (citing 26 U.S.C. § 6334). *Stegman*'s conclusion adheres to the explicit command of § 6334, *i.e.*, "(c) No other property exempt.—Notwithstanding any

other law of the United States . . . no property or rights to property shall be exempt from levy other than the property specifically made exempt by subsection (a)" of § 6334.

Applied together, these provisions doom Mr. Watson's claim of exemption here. Nothing in these statutes deems funds "from a personal injury settlement"—even when designated for future care—exempt from levy to enforce a restitution obligation. So, the governing law rejects Mr. Watson's claim that the property in Meritrust's possession is exempt from garnishment. The court overrules Mr. Watson's claim of exemption for this reason, and the United States properly may act on its garnishment against the Meritrust funds.

**THEREFORE, IT IS HEREBY ORDERED** that defendant Douglas Watson's Exemption Claim (Doc. 146) is overruled.

**IT IS FURTHER ORDERED** that the United States may act to enforce the unpaid restitution obligation against the property identified in Doc. 144, the Answer of Garnishee Meritrust Credit Union.

**IT IS SO ORDERED.**

**Dated this 30th day of January, 2025, at Kansas City, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**
